IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BARRY RUPERT, *et al.*,       §
                              §
     Plaintiffs,        §
                              §
v.                            §       Civil Action No. 3:10-CV-0799-N
                              §
ROBERT S. WINTER, *et al.*,   §
                              §
     Defendants.        §

## <u>ORDER</u>

This Order addresses Plaintiffs' motion to remand [15], Defendants' alternative motion to stay and enforce injunction [38], Plaintiffs' request for a hearing [48], Plaintiffs' motion to strike [71], Plaintiffs' motion for attorneys' fees [49], and Plaintiffs' motion to dismiss with prejudice only certain defendants [63].  Because the notice of removal was procedurally defective and because the Court's SLUSA Orders do not provide new grounds for removal for purposes of this case, the Court grants Plaintiffs' motion to remand. However, because the Receivership Order in *SEC v. Stanford International Bank* ("*SEC v. SIB*") enjoins the action, the Court also grants Defendants' alternative motion to stay and enforce injunction.  The Court denies Plaintiffs' request for a hearing as moot and denies Plaintiffs' motion to strike.  Because Defendants had an objectively reasonable basis for removal, the Court denies Plaintiffs' motion for attorneys' fees.  Because Defendants do not oppose Plaintiffs' motion to dismiss with prejudice only certain defendants, the Court grants

the motion.  In accordance with this Order, the Court orders (a) certain defendants[1] dismissed with prejudice, (b) the action remanded, and (c) the action stayed until further Order of this Court.

## I. Origins of the Various Motions

This dispute arises out of the alleged Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under Stanford's control (collectively "Stanford"). Plaintiffs are ninety-seven former investors in Stanford's enterprise.  They brought suit in the 73rd Judicial District Court of Bexar County, Texas on September 14, 2009 against sixteen entities and individuals, including various Stanford employees, third-party insurance brokers, trust companies, and associated individuals allegedly involved with Stanford.  Plaintiffs brought common law and state statutory claims against Defendants,[2] as well as a claim for violation of the federal Securities Act of 1933.  Plaintiffs dismissed four defendants without prejudice prior to removal.

Defendants Willis of Colorado, Inc. and Bowen Miclette & Britt, Inc., f/k/a Bowen, Miclette, Descant & Britt, Inc. ("BMB") (collectively "Removing Defendants") timely removed under 28 U.S.C. § 1441(a) on October 20, 2009 to the U.S. District Court for the

---

[1] Abraham Dubrovsky, Miguel Angel Garces, Janie R. Martinez, Ricardo Abuabara, John Buzzell, Fabio Restrepo, Oreste Tonarelli.

[2] Plaintiffs state claims included: violations of the Texas Insurance Code, violation of the Colorado Consumer Protection Act, violations of the Texas Securities Act, negligent misrepresentation, negligent procurement, negligent omission, failure to service policies, fraud by nondisclosure, failure to place, effect, maintain, or renew insurance, and breach of fiduciary duties.

Western District of Texas, alleging ancillary jurisdiction based on this Court's Receivership Order in a related case. *See* Am. Order Appointing Receiver, Mar. 12, 2009 [157], *in SEC v. SIB*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009) [hereinafter Receivership Order].[3] On April 9, 2010, the Judicial Panel on Multidistrict Litigation ("MDL") transferred the action to this Court as part of the pending Stanford MDL.  As such, the Court inherited the pending motion to remand, filed on November 19, 2009, alleging procedural defects and lack of subject matter jurisdiction.

On July 20, 2010, Defendants moved to stay the action pursuant to this Court's Receivership Order in the event that this Court granted the motion to remand.  On April 1, 2011, while the motion to remand was still pending, Plaintiffs filed a motion dismissing with prejudice the Stanford employee defendants.  Defendants filed a response stating that the dismissal was unopposed but arguing that it had no effect on the Court's subject matter jurisdiction.  Plaintiffs moved to strike Defendants' response as an impermissible surreply to the Plaintiffs' motion to remand.

On September 29, 2011, Defendants filed a supplemental notice of removal alleging that the action was newly removable as per this Court's Order in a related suit finding a case properly removed based on the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  *See* Order, Aug. 31, 2011 [72], *in Roland v. Green*, No. 3:10-CV-0224-N (N.D. Tex. 2011) [hereinafter *Roland* Order].  On October 31, 2011 Plaintiffs filed a supplemental

---

[3]The Court notes that the Receivership Order has since been amended.  *See* Second Am. Order Appointing Receiver, July 19, 2010 [1130], *in SEC v. SIB*.

motion to remand in response to Defendants' supplemental notice of removal, and on
November 21, 2011, Defendants responded to Plaintiffs' supplemental motion arguing in the
alternative that the action is properly removable as per this Court's Order in another related
suit.  *See* Order, Oct. 27, 2011 [155], *in Troice v. Willis*, No. 3:09-CV-1274-N (N.D. Tex.
2011) [hereinafter *Troice v. Willis* Order].

## II. THE CASE IS REMANDED TO STATE COURT

### A. The Initial Removal Was Procedurally Defective

The U.S. Supreme Court has held that courts should strictly construe the removal
statutes in favor of state court jurisdiction.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313
U.S. 100, 108-109 (1941).  "There is nothing in the removal statute that suggests that a
district court has 'discretion' to overlook or excuse prescribed procedures."  *Smith v. Union
Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635, 639-40 (S.D. Miss. 2001).  "Any doubt as to the
propriety of removal should be resolved in favor of remand."  *Gutierrez v. Flores*, 543 F.3d
248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

The Rule of Unanimity requires that all defendants join in the removal petition.[4]  *See,
e.g.*, *Gableman v. Peoria, Decatur & Evansville Ry. Co.*, 179 U.S. 335 (1900); *Getty Oil
Corp.*, 841 F.2d at 1262 n.9.  Failure to do so is usually a bar to removal.  *Henry v. Indep.*

---

[4]Plaintiffs distinguish between joinder and consent in pointing out that Defendant
Tonarelli consented to, but did not join in, the removal. Pls.' Mot. Remand 2 n.2. However,
consent is enough.  *See, e.g.*, *Garner v. Hyken*, 2011 WL 1002098, at *1 (E.D. La. 2011)
("The Fifth Circuit has interpreted 28 U.S.C. § 1446 to require that all properly joined and
served defendants *consent* to removal.  If a defendant fails to *consent*, the petition is
defective." (emphasis added) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254,
1262 (5th Cir. 1988))).

*Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988).   However, improper joinder is an exception to the Rule of Unanimity.[5]   *See, e.g., Augustine v. Employers Mutual Cas. Co.*, 2010 WL 4930317, at *6 (W.D. La. 2010) (citing *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007)).

To show that a party was improperly joined, a defendant must demonstrate that (1) the plaintiff fraudulently pled jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action in state court against the alleged improperly joined defendant.   *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).   In applying prong two of the *Smallwood* test, Courts usually perform a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."   *Id.*   When an affirmative defense forms the basis of an improper joinder argument, the test becomes whether there is any possibility that the plaintiff can survive the affirmative defense.   *See Sid Richardson Carbon & Gasoline Co.*

---

[5]Plaintiffs argue that improper joinder is only applicable to cases removed on diversity grounds.  Pls.' Mot. Remand 12-13.  However, there is caselaw in this Circuit and other circuits that applies the doctrine of improper joinder to federal question cases.  *See, e.g., McKay v. Boyd Constr. Co., Inc.*, 769 F.2d 1084, 1087 (5th Cir. 1985), *abrogated on other grounds by Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381 (1998); *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1402 n.28 (S.D. Fla. 2008); *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 118 (D. Mass. 2006) ("[T]he rationale for the doctrine of fraudulent joinder applies with equal force in the context of removal based on federal question jurisdiction."); *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1154-56 (N.D. Cal. 2003); *Hesni v. Williams & Boshea, LLC*, 2002 WL 373273, at *1, *3-5 (E.D. La. 2002).  Similarly, the Court holds that the rationale for the doctrine of improper joinder – preventing plaintiffs from improperly manipulating federal jurisdiction and protecting defendants' legal right to remove – equally applies to actions removed on grounds of ancillary jurisdiction.

*v. Interenergy Res., Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996). Some courts have also found that a party may make a successful showing of improper joinder upon clear and convincing evidence of collusion between the plaintiff and the improperly joined defendant. *See, e.g.*, *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d at 119 (finding collusion a proper basis for proving improper joinder in federal question cases, even where test in diversity cases same as Fifth Circuit's test); *cf. Augustine*, 2010 WL 4930317, at \*6 (finding collusion to be an exception to Rule of Unanimity).

Here, two defendants removed, and six of the remaining ten defendants joined in the removal.[6] Defendants Buzzell, Dubrovsky, Garces, and Martinez ("Nonconsenting

---

[6]Plaintiffs argue that five of the six purported joinders fail to satisfy 28 U.S.C. § 1446(a) and Rule 11 because the documents are authenticated only by an affidavit from an attorney for Willis of Colorado, Inc. and/or joinders signed by that attorney with permission from Codefendants' attorneys of record. Pls.' Mot. Remand 19. However, the Court finds that the filings are sufficient to show consent as to the six Defendants. First, the caselaw that Plaintiffs point to disallows bare assertions of unanimous consent in the notice of removal, *see, e.g.*, *Hammonds v. Youth for Christ USA*, 2005 U.S. Dist. LEXIS 32383 (W.D. Tex. 2005); *Martinez v. Versus Entergy Corp.*, 2004 U.S. Dist. Lexis 23668 (E.D. La. 2004); *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635 (S.D. Miss. 2001), rather than, as here, copies of emails directly from Defendants' counsel and/or separate joinders each signed in the name of Defendants' attorneys bearing the notation that that name was signed with permission, accompanied by an affidavit swearing under penalty of perjury that all Defendants had consented. *See* Notice of Removal Ex. 4, 4D; *see also Getty*, 841 F.2d at 1262 n.11 ("[W]hile it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."). Second, the local rules of this Court explicitly allow for attorneys to sign on behalf of codefendants' attorneys with their permission. *See* N.D. TEX. CIV. R. 11.1. Third, the Court notes that the notice of removal has been pending for close to two years, and that in the interim many of the Defendants in question have participated in the action, explicitly joined in the supplemental notice of removal, and have never averred that their consent was

Defendants") explicitly did not consent to the notice of removal.[7]  *See* Notice of Removal 7.

Removing Defendants argue that the Court should excuse the lack of consent because the

Nonconsenting Defendants were improperly joined.  Specifically, they argue that (1)

Plaintiffs cannot recover against the Nonconsenting Defendants under this Court's

Receivership Order enjoining suits in other fora against Stanford employees arising from

allegations in *SEC v. SIB* and (2) Plaintiffs and the Nonconsenting Defendants colluded to

defeat removal.  *Id.* at 8.

Removing Defendants' contentions fail on both counts.  First, Removing Defendants

have failed to show that Plaintiffs will be unable to recover against the Nonconsenting

Defendants based on this Court's Receivership Order.[8]  Although the Order may have had

the effect of staying the action against the Nonconsenting Defendants, the Court has never

held that the stay is permanent.  *Cf.* Order, Mar. 8, 2010 [1030], *in SEC v. SIB* [hereinafter

Mar. 8 Order] (discussing whether to lift the stay with regard to claims against former

---

fraudulent.  The Court similarly rejects Plaintiffs' objection to the signatures on the notice
of removal itself.  *See* Pls.' Mot. Remand 18.

[7]The Court notes that the fact that Plaintiffs later moved to dismiss these
Nonconsenting Defendants from the action is irrelevant.  *See, e.g.*, *Manguno v. Prudential
Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction
is present for removal, we consider the claims in the state court petition as they existed at the
time of removal.  Any ambiguities are construed against removal because the removal statute
should be strictly construed in favor of remand." (internal citations omitted)).

[8]Removing Defendants do not argue that Plaintiffs cannot state a cause of action
against the Nonconsenting Defendants.  Instead, they argue that Plaintiffs cannot recover
against Defendants because of the Receivership Order – an argument akin to an affirmative
defense.

Stanford employees). Thus, the Receivership Order does not negate the possibility that Plaintiffs may some day be able to recover against the Nonconsenting Defendants.

Second, Removing Defendants fall short of the clear and convincing evidence threshold necessary to show collusion. Removing Defendants aver that the Nonconsenting Defendants colluded with Plaintiffs to remain in state court so that the Nonconsenting Defendants could assert cross claims against the Removing Defendants in state court.[9] Notice of Removal 9. As proof, Removing Defendants point to circumstantial evidence which allegedly tends to show that Michael Stanley, counsel for three Nonconsenting Defendants, communicated at least part of Removing Defendants' removal strategy to Plaintiffs. First, Removing Defendants allege that on October 13, 2009, Removing Defendant BMB informed Stanley that one possible ground for removal was the fact that Panama had recently appointed one of the Defendants as its Ambassador to the United States (the "Panama Conversation"). Less than twenty-four hours later, Plaintiffs dismissed that Defendant, among others, from the suit. Second, Removing Defendants point out that on Plaintiffs' notice of dismissal, Plaintiffs listed Stanley as counsel for Buzzell, the fourth

---

[9]Removing Defendants argue that Nonconsenting Defendants' desire to pursue cross claims in state court indicates that they are aligned with Plaintiffs against them, citing *Diaz* as finding collusion and fraudulent joinder based on defendant's intention to pursue cross claims against removing defendants. However, the *Diaz* Court made its finding of improper joinder on much more direct evidence than what Removing Defendants present here – specifically, (1) email exchanges containing statements such as "[s]ue the hell out of them and I will help you!," (2) plaintiff and defendant as coparties in a related suit against removing defendants, (3) nonconsenting defendant as the only individual defendant served, (4) last-minute addition of a slander claim, and (5) common sense. *See Diaz*, 567 F. Supp. 2d at 1404-06.

Nonconsenting Defendant, even though Stanley allegedly did not represent Buzzell as of the Panama Conversation the night before.

However, such evidence does nothing more than indicate that Stanley spoke to Plaintiffs' counsel regarding his representation of Buzzell[10] either on the night of October 13, 2009 or on the following day before Plaintiffs filed their notice of dismissal. The Court certainly does not discourage that kind of communication among counsel. There is no concrete evidence that Stanley informed Plaintiffs of Removing Defendants' potential strategy or otherwise "colluded" with Plaintiffs' counsel to remain in state court. The Court will not find collusion based on a desire to remain in state court and a mere opportunity to collude. Without more, Removing Defendants fall short of their burden.[11] Accordingly, the Court finds the Notice of Removal procedurally defective, and because of Plaintiffs' timely objections, remands the action to state court.

**B. The Court's SLUSA Orders Are Not Grounds for Removal As Applied to This Case**

---

[10]The Court notes that it is even an inference that Stanley represents Buzzell, as Buzzell has not made an official appearance in this action, and as Stanley's letter dated October 15, 2009 did not name Buzzell as his client. *See* Notice of Removal Ex. 4 at Ex. C p. 2 [1-3].

[11]The Court denies Removing Defendants' request that it defer its decision on the motion to remand to allow them to conduct discovery on collusion. *See* Resp. to Mot. Remand & Altern. Mot. Stay & Enforce Inj. 22 [38]. The action has been pending in federal court for approximately two years and the Court cannot see how discovery on this issue at this late stage is an efficient or effective use of the parties' time and resources.

28 U.S.C. § 1446(b) provides that where an action is not initially removable,[12] a defendant may file a new notice of removal within thirty days of an "order or other paper" that makes the case removable. The Fifth Circuit has held that a decision in a separate case can serve as an "order" under the statute where (a) both cases involve the same defendants, (b) both cases involve similar factual situations, and (c) the first order reaches a legal conclusion pertinent to the case at bar. *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267-68 (5th Cir. 2001).[13] Although the *Green* Court did not explicitly hold that the preceding

---

[12]The Court takes no position as to whether the case was initially removable on ancillary jurisdiction grounds. Were the case to have been initially removable, it is properly remanded based on procedural defects as described supra Part II.A. Were the case not initially removable, the Court continues to the instant analysis.

[13]Plaintiffs argue that the *Green* Court instead adopted the Third Circuit's three-factor test: (a) order came from a court superior in the same judicial hierarchy, (b) order was directed at a particular defendant, and (c) order expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues. *See* Pls.' Suppl. Mot. Remand & Resp. to Defs.' Suppl. Notice of Removal 5 [78] [hereinafter Pls.' Suppl. Mot. Remand]. However, the *Green* Court did no such thing – for example, it explicitly found an "order" under the statute even though prong (c) of the Third Circuit's test was not met. *See Green*, 274 F.3d at 268. Instead, the Fifth Circuit relied on the three factors articulated in the text. *Accord* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3731 at 552 (4th ed. 2009) (discussing *Green* and noting the Court's reliance on the three factors in text supra).

Defendants argue that the *Green* factors apply only when analyzing alleged "order[s] or other paper[s]" issued in "unrelated case[s]." *See* Resp. to Pls.' Suppl. Mot. Remand 7 [79]. They contend that the *Green* factors are inapplicable when analyzing alleged "order[s] or other paper[s]" issued in related actions, such as *Roland* and the instant case – alleging their relatedness because they both arise from the alleged Stanford Ponzi scheme, are involved in the MDL, and bring third-party fraud-based claims by Stanford investors. *Id.* However, the term "unrelated case" is a term of art which is not equivalent to its lay usage. Rather, "unrelated case" simply refers to a separate action from the instant action. The default rule is that subsequent developments in caselaw – meaning court orders and opinions in separate cases – do not constitute "order[s] or other paper[s]" under the statute. *See, e.g.*,

three factors are prerequisites for a decision in a separate case to constitute an "order or other

paper" under § 1446(b), this Court can find no instance where the Circuit has since found an

"order or other paper" relying on different factors. *See Williams v. Deutsche Bank AG*, 2006

U.S. Dist. LEXIS 75426, at *8-9 (N.D. Tex. 2006) (Godbey, J.) (declining to interpret "order

or other paper" more broadly than the Fifth Circuit given *Green*'s limiting language).

On August 31, 2011, this Court issued an Order in *Roland v. Green* that held, among

other things, that SLUSA provided an independent basis for removal and precluded class

actions asserting claims such as those at issue here. Defendants in this case then timely filed

a Supplemental Notice of Removal on September 29, 2011, alleging that the *Roland* Order

constituted an "order" under section 1446(b).[14]  However, relying on the *Green* factors, the

---

*Green*, 274 F.3d at 266-67 (collecting cases); *Rhodes v. Mariner Health Care, Inc.*, 516 F.
Supp. 2d 611, 613 n.1 (S.D. Miss. 2007) ("Ordinarily, the right to remove does not emanate
from subsequent developments in case law."); *Lozano v. GPE Controls*, 859 F. Supp. 1036,
1038 (S.D. Tex. 1994) ("'Other paper' within the meaning of § 1446(b) refers to papers that
are generated within the specific state proceeding which has been removed to federal
court."). The Fifth Circuit carved out a narrow exception to this rule in *Green*, but in no way
distinguished between related and unrelated cases in the sense which Defendants argue.
Additionally, the citations upon which Defendants rely in their brief, *see* Resp. to Pls.' Suppl.
Mot. Remand 7, do not support the proposition that the *Green* factors are inapplicable where
the cases to be analyzed share common questions of fact or law.

[14]Plaintiffs argue that Defendants' supplemental notice of removal is untimely. Pls.'
Suppl. Mot. Remand 6.   However, numerous courts, including one in this district, have
allowed a defendant to supplement his/her notice of removal when the new basis to remove
did not exist until after the initial thirty day period. *See, e.g.*, *Wilson v. Int'l Bus. Machs.
Corp.*, 2011 WL 4572019, at *2-3 (N.D. Tex. 2011) (Fish, J.) ("[I]t would be 'senseless to
deny [the defendant] the opportunity to assert this newly-arisen basis for removal/federal
jurisdiction merely because of the fortuity that the basis arose while the case was pending in
federal court[.]'" (first alteration added) (quoting *Davis v. Life Investors Ins. Co. of Am., Inc.*,
214 F. Supp. 2d 691, 693 (S.D. Miss. 2002))).

*Roland* Order does not constitute an "order or other paper" under the statute as applied to this case because the same defendants were not involved in both cases. Consistent with its prior opinion in *Williams*, this Court declines to interpret "order or other paper" more broadly than the *Green* Court.

Defendants next ask the Court to consider their response to Plaintiffs' supplemental motion to remand as a further supplement to Plaintiffs' Notice of Removal. Resp. to Pls.' Suppl. Mot. Remand 8. They argue that the Court's October 27, 2011 Order in *Troice v. Willis* dismissing the action on SLUSA grounds constitutes an "order or other paper" because it involves the Defendants in this action. *Id.* However, section 1446(b) requires that the "order or other paper" must be one "from which it may first be ascertained that the case is one which is or has become removable." By the statute's plain terms, then, the *Troice v. Willis* Order cannot now serve as ground for proper removal. Defendants became aware that SLUSA was a proper ground for removal at least as early as the date of the Court's *Roland* Order. Defendants' subsequent attempts at removal on this basis demonstrate this.

The fact that Defendants were not able to successfully remove based on the *Roland* Order is of no consequence. Unfortunately, although SLUSA provides a proper ground for initial removal, *see generally Roland* Order, "[D]efendants are in an unfortunate situation. . . . While the different status of [a case initially removed based on SLUSA versus this case] is due totally to the timing of the [*Roland* Order] and no fault of the [D]efendants, allowing the [D]efendants to use [*Roland*] as a ladder into federal court would bypass the narrow exceptions permitted under section 1446(b)." *In re Pharmaceutical Industry Average*

*Wholesale Price Litigation*, 509 F. Supp. 2d 82, 96 (D. Mass. 2007).  In other words, Defendants are victims of timing.  An initial removal on SLUSA grounds would clearly be proper as per *Roland*.  However, because the Court decided *Roland* after Defendants initially removed the action, they must not only show federal jurisdiction, but must also meet the procedural requirements to remove under the statute.  Because the Court's Orders in *Roland* and *Troice v. Willis* do not qualify as "order[s] or other paper[s] from which it may first be ascertained that the case is one which is or has become removable" as applied to this case, the Court remands the action to state court.

### III. THE CASE IS STAYED UPON REMAND

#### A. The Action Is Enjoined Under the Receivership Order[15]

A receivership court "has power to issue orders barring actions which would interfere with its administration of [the receivership] estate."  *SEC v. Wencke* (*Wencke I*), 622 F.2d 1363, 1370 (9th Cir. 1980); *see also* Mar. 8 Order 3 (describing Court's authority).  In fact, "a district court has broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions."  *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 340 (5th Cir. 2011) (per curiam) (unpub.) (citing *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985); *Wencke I*, 622 F.2d at 1372).

---

[15]Plaintiffs argue that Removing Defendants have no standing to enforce the Receivership Order.  *See* Pls.' Br. Resp. to Defs.' Mot. Stay & Enforce Inj. 15-16 [48-1]. This argument is inapposite.  This Court can enforce its own Orders sua sponte – it does not require a specific party to make such request.

The Court's Second Amended Receivership Order in the main SEC action enjoins all persons from "the commencement or continuation . . . of any judicial . . . proceeding against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer, or employee related to the Receivership Estate, arising from the subject matter of [that] civil action." Second Am. Order Appointing Receiver 9; *see also* Mar. 8 Order (clarifying that the Receivership Order enjoins litigation against former Stanford employees "arising from the subject matter of th[e SEC] action"). It also enjoins all persons from "[a]ny act to obtain possession of the Receivership Estate assets . . . [or a]ny act to collect, assess, or recover a claim . . . that would attach to or encumber the Receivership Estate." *Id.*

Plaintiffs originally filed this case against eight Stanford agents, officers, and/or employees, but later moved to dismiss seven of them. *See* Pls.' Mot. Dismiss With Prejudice Only Certain Defs. [63]. The Court grants the motion below in Part V. However, Robert S. Winter, former director of Stanford International Bank, remains a defendant in this lawsuit. *See* Notice of Removal Ex. A-2 at 19 [1-1] (listing Winter as member of Stanford Board of Directors). Thus, the explicit terms of the Receivership Order enjoined Plaintiffs from commencing this suit and still enjoin them from continuing it. *See* Second Am. Order Appointing Receiver 9 (enjoining any person from commencing or continuing suit against any "agent, officer, or employee" of a Stanford entity).

Additionally, to the extent Defendants are ever held liable, any proceeds of the claim are potential receivership assets, falling squarely within the bounds of the Receivership Order. The Court will not condone or allow Stanford investors to race for Receivership

assets as the Plaintiffs attempt to do here.  As such, the Receivership Order, by its explicit terms, enjoined Plaintiffs from commencing this suit and still enjoins them from continuing it.  *See* Second Am. Order Appointing Receiver 9 (enjoining all persons from "[a]ny act to obtain possession of the Receivership Estate assets . . . [or a]ny act to collect, assess, or recover a claim . . . that would attach to or encumber the Receivership Estate.").

### B. The Litigation Stay Remains Appropriate At This Time

The Court declines to lift the litigation stay at this time.  In determining whether to lift a litigation stay in a receivership action, courts consider three factors: "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim."  *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x at 341 (quoting *SEC v. Wencke* (*Wencke II*), 742 F.2d 1230, 1231 (9th Cir. 1984)).  The issue in the *Wencke* test is "one of timing, that is, when during the course of a receivership a stay should be lifted and claims allowed to proceed, not whether the stay should be lifted at all." *Wencke II*, 742 F.2d at 1231 (emphasis omitted).

The balance of *Wencke* factors weighs against lifting the litigation stay at this time. The first factor, the balance of interests, weighs against lifting the stay because individual suits against agents, officers, or employees of Stanford and/or third parties associated with Stanford could endanger the receivership status quo, diminishing the total pool of funds

available for distribution to creditors.[16] The second factor, timing, also weighs against lifting the stay because the receivership is still relatively young in time and in knowledge.[17] Finally, the third factor, the merits of Plaintiffs' claims, is neutral at this point because it is still unclear what Defendants knew of Stanford's alleged fraud.[18] *Cf.* Mar. 8 Order 4-8 (weighing the *Wencke* factors in favor of continuing the litigation stay).

---

[16]See the discussion in Part III.A above regarding potential liability of the Receivership Estate. *See also SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x at 341 (reason for maintaining stay included that this Court found it highly likely that defendants would argue as a defense that Stanford was at least partially responsible for plaintiffs' losses). Additionally, because this action potentially implicates receivership property, the Receiver has a duty under this Court's Receivership Order to monitor and possibly intervene in the action. This would mean more receivership assets spent on litigation and less available for distribution to creditors and investors. *See id.* (finding same); Mar. 8 Order 6 (finding same); *cf.* Receiver's Resp. to Mot. Relief From Am. Order Appointing Receiver 3-7 [865], *in SEC v. SIB* (describing the strain on Estate time and resources expended on collateral litigation at an earlier stage in the receivership). The Court notes that Plaintiffs allege that the Receiver does not oppose this action going forward. *See* Supplement to Pls.' Resp. to Defs.' Mot. Stay & Enforce Inj. 2 [66]. However, the correspondence to Receiver's counsel erroneously lists Defendant Winter in the nonemployee/agent category. *See id.* Ex. A at 2 (listing Winter in "Other Defendants" category, where other category is "Financial Advisors Defendants"). The Court believes that this error might cause the Receiver to change course. Additionally, despite his alleged approval, the Receiver will still expend resources because he is bound to monitor the case under the Receivership Order.

[17]*See* Mar. 8 Order 7 (collecting cases where stays were upheld several years into the receivership); *see also* Receiver's Third Interim Report Re Status of Receivership, Asset Recovery & Ongoing Activities 2 [1469], *in SEC v. SIB* (describing how Receiver's analysis continues to be impeded by lack of access to records related to Ponzi scheme because of information held abroad).

[18]*See* TEX. SEC. ACT § 33(A)(2) (providing that a person is not liable if he can show that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission); *see also* Mar. 8 Order 8 (similarly finding factor three neutral and upholding the stay).

Accordingly, the case is stayed upon remand.[19]

## IV. THE COURT DECLINES TO AWARD ATTORNEYS' FEES

28 U.S.C. § 1447(c) permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of improper removal." A court has considerable discretion regarding attorneys' fees awards in removal cases. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). To determine whether to award fees for improper removal, a court should inquire into "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time the defendant removed the case. A defendant's motive for removal is irrelevant. *Id.*; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis [for removal] exists, fees should be denied." (citing *Valdes*, 199 F.3d at 292)).

Plaintiffs ask the Court to award them attorneys' fees for various reasons, including that Defendants knowingly removed despite procedural infirmities, lacked an objectively reasonable basis for federal subject matter jurisdiction, and violated Rule 11. *See* Pls.' Reply to Defs.' Resp. to Mot. Remand & Mot. Att'ys Fees, Costs, & Expenses Pursuant 28 U.S.C. § 1447(c) 7-8 [49]. However, the Court declines to award attorneys' fees.

Although the notice of removal violated the Rule of Unanimity, the Court finds Defendants' improper joinder argument objectively reasonable. Settled caselaw holds that removal is proper despite failure to join if the nonconsenting defendants are improperly

---

[19]Plaintiffs' request for a hearing regarding Defendants' motion to stay and enforce injunction is denied as moot.

joined.  Defendants presented circumstantial evidence of improper joinder; the fact that Defendants did not succeed on this argument reflects a failure to meet their high burden, rather than a lack of reasonableness.  The Court also finds Removing Defendants' jurisdictional arguments objectively reasonable.  Defendants had a good faith basis to base federal jurisdiction on this Court's status as the Receivership Court and on its subsequent Orders.  The fact that the Court did not reach those arguments in this Order does not make the arguments unreasonable.  Finally, the Court finds that Defendants did not violate Rule 11.  Accordingly, the Court finds Defendants' removal objectively reasonable and declines to award attorneys' fees.

## V. THE COURT DISMISSES THE EMPLOYEE DEFENDANTS WITH PREJUDICE

Plaintiffs' motion to dismiss certain Defendants with prejudice is unopposed.  *See* Resp. to Pls.' Mot. Dismiss With Prejudice Only Certain Defs. 1 [67].  Accordingly, the Court grants Plaintiffs' motion and orders those certain defendants dismissed with prejudice.

## CONCLUSION

The Court denies Plaintiffs' request for a hearing as moot and denies Plaintiff's motion to strike.  The Court also denies Plaintiff's request for attorneys' fees.  The Court dismisses certain defendants with prejudice.[20]  The Court remands the action to state court and orders it stayed until further Order of this Court.

---

[20]*See supra* note 1.

Signed January 24, 2012.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 19