# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2015

Lyle W. Cayce
Clerk

No. 14-11118

─────────

MIGUEL RISHMAGUE, Individually and on behalf of UCB Properties Trust and Inversiones Misanisa Trust; ODDE JALIL RISHMAGUE, Individually and on behalf of UCB Properties Trust and Inversiones Misanisa Trust,

   Plaintiffs - Appellants

v.

PAUL D. WINTER, Dependent Executor of the Estate of Robert S. Winter, substituted in place and stead of ROBERT S. WINTER, deceased; BOWEN, MICLETTE & BRITT, INCORPORATED; WILLIS OF TEXAS, INCORPORATED; WILLIS OF COLORADO, INCORPORATED; JAIME ALEMAN; ALEMAN, GALINDO, CORDERO & LEE; ALEMAN, GALINDO, CORDERO & LEE TRUST (BVI) LIMITED; AMY S. BARANOUCKY,

   Defendants - Appellees

─────────────────────

Cons w/ 14-11119

BARRY RUPERT; CAROL RUPERT; DAVID QUINTOS; DIANA DIMITROVA STOILOVA; ELIZABETH RUNKLE, et al

   Plaintiffs - Appellants

v.

PAUL D. WINTER, Dependent Executor of the Estate of Robert S. Winter, substituted in place and stead of  ROBERT S. WINTER, deceased ; BOWEN, MICLETTE & BRITT, INCORPORATED, also known as Bowen Miclette Descant & Britt, Incorporated; AMY S. BARANOUCKY; WILLIS GROUP HOLDINGS LIMITED; WILLIS OF COLORADO, INCORPORATED,

   Defendants – Appellees

Nos. 14-11118 & 14-11119

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2024
USDC No. 3:10-CV-799

Before BENAVIDES, CLEMENT, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

This case is about the district court's continued oversight of the nearly one hundred actions that are pending in the Northern District of Texas, arising out of the alleged multi-billion-dollar Ponzi scheme perpetrated by R. Allen Stanford, over one dozen of which are set for trial in the next year-and-a-half.[1] Shortly after the United States Securities and Exchange Commission ("SEC") filed a civil lawsuit against Stanford and several Stanford-related corporations, the district court placed all of the defendants' assets in a receivership. The district court "appointed a Receiver, Ralph S. Janvey, to marshal, conserve, hold, manage and preserve the value of the receivership estate."[2] *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 340 (5th Cir. 2011). The district court also enjoined "[c]reditors and all other persons" from "[t]he commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other proceeding against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* MDL Statistics Report–Distribution of Pending MDL Dockets by District United States, Judicial Panel on Multidistrict Litigation, (July 15, 2015), www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-15-2015.pdf.

[2] The district court first appointed a receiver on February 17, 2009 and entered an Amended Order Appointing Receiver on March 12, 2009. On July 19, 2010, the district court entered a Second Amended Order Appointing Receiver, which is almost identical to the first.

or employee related to the Receivership Estate, arising from the subject matter of this civil action." The district court also enjoined all persons from "[a]ny act to obtain possession of the Receivership Estate assets" as well as "[a]ny act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate." Before remanding the Plaintiffs-Appellants' lawsuits to state court, the district court explicitly provided that their lawsuits remain subject to the litigation stay. Plaintiffs-Appellants now appeal the district court's refusal to lift that litigation stay and to allow their lawsuits to proceed in state court.

"[S]everal courts have recognized the importance of preserving a receivership court's ability to issue orders preventing interference with its administration of the receivership property." *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985); *see SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372-73 (5th Cir. 1982) ("[T]he district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." (citation and internal quotation marks omitted)); *see also SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986) ("A district judge simply cannot effectively and successfully supervise a receivership and protect the interests of its beneficiaries absent broad discretionary power."). Emphasizing the district court's "broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions," this court previously upheld this same litigation stay against similar challenges. *Stanford Int'l Bank*, 424 F. App'x at 340, 340-42. We are mindful that four years have passed since that decision. *See SEC v. Wencke*, 622 F.2d 1363, 1373 (9th Cir. 1980) ("The time at which the motion for relief from the stay is made also bears on the exercise of the district court's discretion."); *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) (explaining that the relevant issue "is one of timing, that is, *when* during the course of a receivership a stay should be lifted and claims

allowed to proceed, *not* whether the stay should be lifted *at all*"). At this time, however, as the district court continues to receive itself as well as coordinate and oversee extensive litigation, relating to asset recovery, we cannot say that the district court abused its discretion in declining to lift the litigation stay. *See Stanford Int'l Bank*, 424 F. App'x at 340-42; *see also SEC v. Kaleta*, 530 F. App'x 360, 361-62, & n.2 (5th Cir. 2013) (emphasizing the necessity of the litigation stay to protect assets of would-be defendants, parties closely affiliated with the Receivership Entities, who had personal guarantees to pay the Receivership Estate); *Hardy*, 803 F.2d at 1038 ("We would be remiss were we to interfere with a district court's supervision of an equity receivership absent a clear abuse of discretion.").

The district court's decision is AFFIRMED.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

October 08, 2015

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 14-11118 cons w/14-11119
    Miguel Rishmague, et al v. Robert Winter, et al
        USDC No. 3:11-CV-2024
        USDC No. 3:10-CV-799

Dear Ms. Mitchell,

Enclosed is a copy of the judgments issued as the mandate and a copy of the court's opinion.

Record/original papers/exhibits are returned:

( 1 ) Supplemental Volume

        Sincerely,

        LYLE W. CAYCE, Clerk

        By: _____
        Shawn D. Henderson, Deputy Clerk
        504-310-7668

cc:
    Ms. Stephanie Frederique Cagniart
    Mr. Nicholas N. Deutsch
    Mr. Bradley Wayne Foster
    Mr. T. Ray Guy
    Mr. Charles L. Hamel
    Ms. Leslie Sara Hyman
    Mr. William H. Knull III
    Mr. Nicholas J. Lanza Jr.

Mr. Mark D. Manela
Mr. Paul Kenneth Nesbitt
Mr. Jonathan D. Polkes
Mr. Randall Alan Pulman
Mr. Kevin M. Sadler
Mr. Elmore James Shepherd III
Mr. Etan Z. Tepperman